*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0878**

Joshua Jerome Ingebrigtsen, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed March 23, 2026**
**Affirmed**
**Reyes, Judge**

Goodhue County District Court
File No. 25-CV-25-326

Joshua Jerome Ingebrigtsen, Cannon Falls, Minnesota (self-represented appellant)

Keith Ellison, Attorney General, Eva Kendrick, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Reyes, Presiding Judge; Harris, Judge; and Bond, Judge.

**NONPRECEDENTIAL OPINION**

**REYES**, Judge

Appellant challenges the district court's denial of his petition to review the extension of his license-revocation period. Because the district court properly dismissed the petition for lack of subject-matter jurisdiction, we affirm.

**FACTS**

Self-represented appellant Joshua Jerome Ingebrigtsen is enrolled in the ignition-interlock-device program (the interlock program). *See generally* Minn. Stat. § 171.306 (2024) (describing interlock program). In May 2024, respondent Commissioner of Public Safety (the commissioner) sent appellant a notice that he violated the guidelines of the interlock program because his interlock device registered an alcohol concentration above 0.02. As a result of this violation, the commissioner extended appellant's enrollment with the interlock program for six years.

In February 2025, appellant petitioned the district court for a hearing on his request to have his driver's license reinstated, after its revocation had been extended, under Minnesota Statutes section 171.19 (2022). He argued that the interlock program was "no longer necessary" for him and, in fact, posed issues for his career and ability to take care of his child. The commissioner moved to dismiss the petition on the grounds of untimeliness and lack of subject-matter jurisdiction. After the district court held a hearing on the commissioner's motion, it dismissed appellant's petition for lack of subject-matter jurisdiction.

This appeal follows.

**DECISION**

Appellant challenges the district court's dismissal of his petition for lack of subject-matter jurisdiction, arguing that the district court did not properly "hear[] or consider[]" his concerns. We disagree.

2

Appellate courts review the question of subject-matter jurisdiction de novo. *Rued v. Comm'r of Hum. Servs.*, 13 N.W.3d 42, 47 (Minn. 2024). "Subject matter jurisdiction refers to a court's authority to hear and determine cases that are presented to it." *Id.* at 46. "Whether a court has subject matter jurisdiction generally depends on the scope of the constitutional and statutory grant of authority to the court." *Id.* (quotation omitted). "[D]efects in subject matter jurisdiction may be raised at any time and cannot be waived or forfeited by a party." *Id.* (quotation omitted). The Minnesota Rules of Civil Procedure further explain that: "Whenever it appears . . . that the [district] court lacks jurisdiction of the subject matter, the court shall dismiss the action." Minn. R. Civ. P. 12.08(c).

The relevant version of Minnesota Statutes section 171.19 restricts a petition for review of "license reinstatement" to "any person whose driver's license has been refused, revoked, suspended, canceled, or disqualified by the commissioner," dependent on certain conditions. We recently reviewed the question of subject-matter jurisdiction as it pertains to this version of the statute in *Reihs v. Commissioner of Public Safety*, 17 N.W.3d 155 (Minn. App. 2025), *rev. granted* (Minn. May 28, 2025) *and ord. granting rev. vacated* (Minn. Sept. 10, 2025). In *Reihs*, we explained: "A district court lacks subject-matter jurisdiction under Minn. Stat. § 171.19 to review the extension of a driver's license-revocation period." 17 N.W.3d at 160.[1]

---

[1] Appellant requests a stay of this appeal pending the outcome of the supreme court's review of *Reihs*. Because there is no longer a review of *Reihs* pending with the supreme court, this request is moot.

After this court's decision in *Reihs*, the legislature amended section 171.19 to permit judicial review of extensions of license-revocation periods. *See* 2025 Minn. Laws, ch. 29, § 15, at 432 (allowing petition by someone "whose driver's license revocation, suspension, or cancellation period has been extended by the commissioner based on a violation of the ignition interlock program guidelines"). But this amendment states that it applies only "to crimes committed on or after" August 1, 2025, and includes no evidence of retroactive intent. *See id.* at 426; *State v. Basal*, 763 N.W.2d 328, 335 (Minn. App. 2009) (presuming that statutory amendments do not apply retroactively absent "clear evidence of retroactive intent").

Here, appellant's petition challenged the May 2024 extension of his license-revocation period. At the time of this extension, the 2022 version of the statute was in effect. As we stated in *Reihs*, district courts lack subject-matter jurisdiction to review extensions of license-revocation periods under the 2022 version of the statute. 17 N.W.3d at 160. Our decision in *Reihs* "ha[d] immediate authoritative effect" on this court and is binding on us. *See State v. Chauvin*, 955 N.W.2d 684, 690 n.3 (Minn. App. 2021) (explaining "the respect that an appellate court owes to its own precedents"), *rev. denied* (Minn. Mar. 10, 2021). Applying *Reihs*, we conclude that the district court properly dismissed appellant's petition for lack of subject-matter jurisdiction.[2]

**Affirmed.**

---

[2] As explained in the commissioner's notification letter and cited to by the district court's order, appellant may request administrative review of the May 2024 extension "at any time" during the revocation period.